UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ELISABETH E. GUNTER,          ) | |
| ) | |
| Petitioner,          ) | |
| ) | |
| v.          ) | Case No. 2:17-CV-76-SPM |
| ) | |
| ANGELA MESMER,          ) | |
| ) | |
| Respondent.          ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned on the petition of Missouri state prisoner Elisabeth Gunter ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6). For the following reasons, the petition will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is currently incarcerated at the Women's Eastern Reception, Diagnostic, and Correctional Center in Vandalia, Missouri. On August 11, 2014, Petitioner pleaded guilty to the following: (Count I) murder in the second degree, pursuant to Mo. Rev. Stat. § 565.021; (Count III) robbery in the second degree, pursuant to Mo. Rev. Stat. § 569.030; and (Count IV) tampering with a motor vehicle in the first degree, pursuant to Mo. Rev. Stat. § 569.080. (Docs. 14-4, 14-5, 14-6, 14-7). The Circuit Court of Howell County sentenced Petitioner to terms of incarceration of eighteen years on Count I, fifteen years on Count III, and five years on Count IV, to be served concurrently. (Doc. 14-3 at 1-3). Petitioner did not file a direct appeal of her judgment. (Doc. 14-1 at 2). On October 28, 2014, Petitioner filed a motion for post-conviction relief. (Doc. 14-1).

Petitioner then waived her postconviction action on April 10, 2015, which was filed on April 13, 2015. (Doc. 14-2). Petitioner also filed a second motion for state post-conviction relief on March 1, 2017, which was deemed a successive petition and dismissed on April 16, 2017. (Doc. 1 at 3).

On October 18, 2017, Petitioner filed the instant *pro se* petition for a writ of habeas corpus. (Doc. 1). Petitioner asserts four grounds for habeas relief: (1) ineffective assistance of counsel for failure to object to the plea agreement; (2) ineffective assistance of counsel for failure to object to the Count I charge of murder in the second degree; (3) ineffective assistance of counsel for failing to provide Petitioner with a copy of her discovery; and (4) deprivation of due process for inability to defend herself in court without discovery or effective assistance of counsel. *See* (Doc. 1-1). On November 20, 2017, the court ordered Petitioner to show cause why her petition should not be dismissed as time-barred. (Doc. 5). Petitioner responded to the order to show cause on February 5, 2018. (Doc. 9).

## II.   LEGAL STANDARDS

### A.  Legal Standard for Reviewing Claims on the Merits

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law: "when the state court (1) 'arrives at a conclusion opposite to that reached by the Supreme Court on a question of law;' or (2) 'decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *White v. Dingle*, 757 F.3d 750, 754 (8th Cir. 2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000)). A state court decision is an "unreasonable application" of clearly established federal law "when the state court 'identifies the correct governing principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413). "Finally, a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings.' 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt*, 327 F.3d at 752 (citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 479, 501 n.4 (8th Cir. 2001)). The state court's factual findings are presumed correct unless the habeas petitioner rebuts the presumption of correctness by clear and convincing evidence. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)).

### B. Procedural Default of Claims

It is well established that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his [or her] federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)). To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim

to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman*, 501 U.S. at 731-32). Generally, "a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621 (1998)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338 (1991); *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc)). The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer*, 505 U.S. at 338-39). "To establish 'cause' [a habeas petitioner] must 'show that some objective factor relevant to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To establish "actual prejudice," a habeas petitioner must show that the claimed error(s) "worked to his [or her] *actual* and substantial disadvantage, infecting his [or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, to show that a petitioner's default should be excused under the "fundamental miscarriage of justice" exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2008) (citing *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996)); *Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir. 1996), cert. denied, 522 U.S. 857 (1997)).

### III. DISCUSSION

#### A. Statute of Limitations

Respondent asserts that the instant petition was filed outside the one-year statute of limitations and must be dismissed. Respondent avers that Petitioner's state court judgment became final on August 21, 2014, and that the statute of limitations period began on that date. (Doc. 14 at 3). Respondent further avers that, 68 days after the limitations period had begun, Petitioner's statute of limitations period tolled between October 28, 2014, and April 13, 2015, during which time Petitioner's state motion for post-conviction relief was pending. *Id.* at 3-4. Respondent asserts that an additional 1,093 days passed before Petitioner filed the instant action in federal court, and that Petitioner has provided no evidence of her efforts to file her petition in a timely manner or that her mental capacity was limited in a way that would warrant the application of equitable tolling in this case. *Id.* at 4-5. As such, Respondent argues that the instant petition is untimely. *Id.* at 4.

Under AEDPA, federal habeas corpus petitions brought by state prisoners are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *King v. Hobbs*, 666 F.3d 1132, 1134-35 (8th Cir. 2012). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by conclusion of direct review of the expiration of the time for seeking such a review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For petitioners who do not seek direct review of their state court judgment to the United States Supreme Court, their judgment becomes final for the purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for pursuing direct review in state court expires. *See Camacho v.*

5

*Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)). However, "[t]he time during which a properly filed application for state post conviction relief is pending tolls the limitation period[.]" *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) (citing 28 U.S.C. § 2244(d)(2)). State post-conviction relief is not considered to be pending during the period between the end of direct review and the date an application for state post-conviction relief is filed. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (citing *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001)). Additionally, while the one-year statute of limitations period may be subject to equitable tolling, its application "is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or it may be appropriate "when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (internal citations omitted).

Petitioner's state court judgment was issued on August 11, 2014. (Doc. 14-3). Petitioner did not appeal the state court judgment. (Doc. 14-1 at 2). Petitioner then filed a post-conviction action pursuant to Missouri Supreme Court Rule 24.035 on October 28, 2014. (Doc. 14-1). On April 10, 2015, Petitioner waived her post-conviction action, and her waiver was filed on April 13, 2015. (Doc. 14-2). Petitioner filed a second state post-conviction motion on March 1, 2017, asserting ineffective assistance of counsel and diminished mental capacity with respect to the conviction of murder in the second degree. (Doc. 1 at 3). The motion was dismissed as a successive motion on April 16, 2017. *Id.* The instant petition was filed on October 19, 2017 (Doc. 1 at 14).

Under Missouri Supreme Court Rule 30.01, Rule 30.03, and Rule 81.04, the time limit for filing a notice of appeal is ten days after the judgment becomes final. *See* Mo. Sup. Ct. R. 30.01, 30.03, 81.04. Therefore, Petitioner's judgment became final on August 21, 2014 and the one-year statute of limitations period began on that date. *Camacho*, 774 F.3d at 933. Between the time

6

Petitioner's judgment became final and the time she filed a motion for post-conviction relief, 68 days elapsed, leaving 297 days remaining in the one-year limitations period. While Petitioner's post-conviction action was pending, the limitations period was tolled. *Jackson*, 452 F.3d at 735. After Petitioner waived her post-conviction motion on April 13, 2015, the remaining 297 days of the limitations period continued to elapse until February 4, 2016, when the statute of limitations period expired. Petitioner filed the instant action on October 19, 2017, 920 days after her state post-conviction action was waived. Not including the time during which the limitations period was tolled, a total of 988 days elapsed between the issuance of a final judgment against Petitioner by the Circuit Court of Howell County, and Petitioner's filing of the instant federal habeas action; no less than 623 days after the statute of limitations period expired.[1]

Petitioner does not specifically state that equitable tolling should apply, but she argues that her petition should not be barred by the one-year statute of limitations because she is "ignorant to the law," has "been on heavy antipsychotic medications for over [four and a half] years," is currently taking Haldol, does not have access to her discovery papers, and because she relies on other incarcerated individuals for legal assistance. (Doc. 1 at 13). In response to the court's order to show why her petition should not be time-barred, (Doc. 8), Petitioner responded that she is "on a combination of medications that now help her to be aware and functioning" for the "first time since being confined in Howell County Jail, West Plains, Missouri, on January 9th, 2011." (Doc. 9 at 2). Petitioner states that "improper medications were given," that she "had diminished mental

---

[1] Petitioner does not assert that her second state post-conviction action should toll the statute of limitations, nor has the Eighth Circuit addressed whether a second or successive motion would toll the limitations period. Given that Petitioner's second post-conviction motion was filed after the one-year period expired, and was pending for a period of 46 days, such argument would not affect the timeliness of the instant petition, and the court declines to further address the issue.

7

capacity, lack of awareness of time and short and long term memory loss." *Id.* She does not otherwise explain how her alleged circumstances affected the filing date of her instant petition.

"Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotations omitted). The Eighth Circuit has held that equitable tolling was not warranted "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources," as is the case here. *Kreutzer*, 231 F.3d at 463 (citing *Preston v. State of Iowa*, 2000 U.S. App. LEXIS 17479, at *2 (8th Cir. July 20, 2000) (per curiam); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999); *Collins v. Scurr*, 2000 U.S. App. LEXIS 23550, at *3 (8th Cir. Sept. 19, 2000) (per curiam)). And although the Eighth Circuit has stated that "mental impairment can be an extraordinary circumstance interrupting the limitation period," *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (per curiam), a petitioner must make more than a "bald and unsupported assertion[]" and instead make a minimum threshold showing that the their incompetency affected them at the relevant time period and affected their ability to file a habeas petition, *Collins*, 2000 U.S. App. LEXIS 23550, at *2. Furthermore, the court "will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued [their] rights." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)).

Petitioner has not alleged that the respondent's conduct lulled her into inaction or that extraordinary circumstances beyond her control prevented her from timely filing her habeas petition, and has made only bald assertions about her lack of legal knowledge, reliance on others for legal assistance, lack of discovery papers, and medication history, without alleging how those

8

circumstances directly affected her ability to file her habeas petition in a timely manner. In the instant petition, filed in October 2017, Petitioner stated that she had been taking what she describes as heavy antipsychotic medications for more than four and a half years, dating at least as far as 2013. In her response to this court's order to show cause on the issue of timeliness, Petitioner stated that she had diminished mental capacity, trouble with short- and long-term memory, and lack of awareness due to improper medication since early 2011.

In the time that has passed since 2011, and also 2013, when Petitioner alleges that she had diminished mental capacity, Petitioner signed a petition to enter a plea of guilty which stated that Petitioner fully understood the petition, that her mind was clear, and that she was not mentally ill, (Doc. 14-5 at 3), filed a timely motion for state post-conviction relief, (Doc. 14-1), and also filed a waiver of that same motion (Doc. 14-2). Petitioner's mental competency was not an issue in the state court proceedings, and Petitioner appears to have been able to proceed in a timely fashion with respect to state post-conviction proceedings, while taking medication. Without more than Petitioner's statements that she is currently and was previously taking medications, and that she was improperly prescribed medication since 2011, the court has no basis to find that Petitioner suffered from a mental impairment amounting to an extraordinary circumstance which would warrant the application of the equitable tolling doctrine.

Likewise, in the period that elapsed between the waiver of her state post-conviction motion and the instant petition, the record does not show that Petitioner efforts to file this action in a timely manner and Petitioner has not alleged that she was lulled into inaction. With the record before it, the court cannot find that Petitioner diligently pursued her claim for post-conviction relief or that she was prevented from doing so by extraordinary circumstances outside her control. Therefore, the instant petition for habeas relief must be dismissed as untimely.

### B. Procedural Default of Claims

Petitioner did not file a direct appeal of her judgment. *See* (Doc. 14-1 at 2). Although Petitioner filed a state post-conviction "Motion to Vacate Set Aside or Correct the Judgment or Sentence," on October 28, 2014, the motion did not assert any specific claims. Where the form motion instructs the Petitioner to concisely state all claims known for vacating, setting aside, or correcting Petitioner's conviction and sentence, and the facts supporting each of those claims, Petitioner appears to have listed the three counts on which she was sentenced and that for each count she was "Found guilty upon plea of guilty," and she did not assert any grounds for relief (Doc. 14-1 at 2-3). Petitioner filed a second state post-conviction motion in which she raised the grounds of "ineffective assistance of counsel, diminished mental capacity due to medications, counsel failed to further amend 2nd degree murder to manslaughter." (Doc. 1 at 3). However, her second petition was dismissed as a successive motion. *Id.*

Respondent argues that Petitioner's claims are procedurally defaulted because she failed to raise them on direct appeal. Doc. 14 at 5. Specifically, Respondent asserts that "Petitioner did not appeal her conviction and never raised her claims in a post-conviction motion," so the independent and adequate state grounds doctrine mandates that the federal court dismiss her claims. *Id.*

In the context of a § 2254 state habeas claim, the court will only consider "those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (citing *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988), cert. denied, 490 U.S. 1114 (1989)). A state prisoner must first exhaust state remedies and present the habeas claim to the state court. *Abdullah*, 75 F.3d at 411 (citing *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994)). Under Missouri law, "if a petitioner fails to raise a claim for relief that could have been asserted in an appeal or in a post-conviction motion,

the petitioner normally is barred from raising the claim in a subsequent petition for writ of habeas corpus." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516 (Mo. 2010) (en banc). Subsequent state relief is only available when petitioner can demonstrate a claim of actual innocence, a jurisdictional defect, or that both the defect was caused by something external to the defense and that prejudice resulted from the underlying error. *Id.* at 516-17. In other words, claims that are not presented to the "Missouri courts at any stage of [the petitioner's] direct appeal or . . . post-conviction proceedings" are procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (citing *Nave v. Delo*, 62 F.3d 1024, 1030 (8th Cir. 1995), cert. denied, 116 S. Ct. 1837 (1996)).

Because Petitioner failed to assert any grounds for habeas relief on direct appeal or through her initial motion for state post-conviction relief, she was barred from bringing any further claims. However, none of the grounds presently asserted by Petitioner were raised in prior state proceedings, including the claim raised in her successive motion for state post-conviction relief which asserted ineffective assistance of counsel for "failure to further amend 2nd degree murder to manslaughter," (Doc. 1 at 3), which she has not raised in the instant petition. Petitioner has not alleged cause for default and actual prejudice, or that the default would result in a fundamental miscarriage of justice, except to assert plainly that she did not previously raise her claims due to "ignorance to the law, diminished mental capacity, lack of discovery papers." (Doc. 1 at 8-11). As discussed in the context of statute of limitations above, Petitioner has made only bare allegations without developing how or why her alleged circumstances would constitute cause for default and actual prejudice, and such allegations are insufficient to overcome procedural default of her claims.

11

Consequently, Petitioner is procedurally barred from obtaining habeas relief on any of the grounds presented in her petition.

### C. Ground One: Ineffective Assistance of Counsel for Failure to Object to the Plea Agreement

Petitioner argues that the judgment with respect to Counts I and III were obtained in violation of her due process rights and right to effective assistance of counsel. (Doc. 1-1 at 1). Specifically, she states that she was prejudiced because her plea counsel failed to object to the amendment of Count I from murder in the first degree to murder in the second degree, and because her plea counsel failed to object to the amendment of Count III from the Class A felony of robbery in the first degree to the Class B felony of robbery in the second degree. *Id.*

The Eighth Circuit reviews ineffective assistance of counsel claims arising from plea negotiations under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Regenos*, 405 F.3d 691, 693 (8th Cir. 2005). Under the two-part *Strickland* test, Petitioner must show both that her counsel's representation fell below an objective standard of reasonableness and that she was prejudiced as a result. *See id.* A defendant raising a claim of ineffective assistance of counsel "can demonstrate prejudice by showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000)).

With respect to ground one, Petitioner only alleges that plea counsel "failed to object" to the amended Count I and Count III charges in her plea agreement. She has not alleged that counsel's representation fell below an objective standard of reasonableness or shown that she was prejudiced as a result. As Respondent asserts, Petitioner voluntarily entered into the plea

agreement, for which she received the benefit of reduced charges, and Petitioner represented that she was "satisfied with the advice and help" of her counsel, that her "mind is clear," that she was "not mentally ill," and that she offered her plea of guilty "freely and voluntarily and of [her] own accord, and with full understanding of all the matters set forth in the information and in [the petition to enter a plea of guilty.]" (Doc. 14-5 at 3). A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings,'" and Petitioner "has a heavy burden to overcome those admissions and show that [her] plea was involuntary." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Furthermore, the Circuit Court of Howell County made specific findings that Petitioner pleaded guilty "With the full knowledge and understanding of [the petition to enter a guilty plea]'s contents and the consequences thereof," and that the plea was "not a result of force, threats or intimidation, or of promises[.]" (Doc. 14-6). Given Petitioner's representations at the time of her plea, the circuit court's findings, and without any explanation as to how counsel's failure to object to the plea agreement was objectively unreasonable and prejudiced Petitioner, this court has no basis to find that she received ineffective assistance of counsel in her plea agreement.

Petitioner further states that her judgment and sentence incorrectly reflect a conviction for robbery in the first degree, to which her plea counsel also failed to object. (Doc. 1-1 at 1). The exhibits filed in this case indeed show that the judgment describes Count III as a conviction under Mo. Rev. Stat. § 569.020 for robbery in the first degree, (Doc. 14-3 at 1), despite the Petitioner's Plea Agreement (Doc. 14-4) stating that she would enter a plea of guilty as to robbery in the second degree under Mo. Rev. Stat. § 569.030 (Doc. 14-4). Petitioner's Petition to Enter a Plea of Guilty shows that she agreed to a recommendation of a 15-year sentence related to Count III. (Doc.

14-5). As Respondent points out, the Missouri Case.net system shows that Petitioner is serving a 15-year sentence for a conviction for robbery in the second degree under Mo. Rev. Stat. § 569.030, (Doc. 14-7), and 15 years is within the sentencing range for a Class B felony, Mo. Rev. Stat. § 558.011. To the extent that the judgment incorrectly lists Petitioner's conviction as robbery in the first degree, the court finds that it is harmless error that would not have affected the outcome of Petitioner's conviction. Therefore, there is no basis to grant relief based on this assertion.

### D. Ground Two: Ineffective Assistance of Counsel for Failure to Object to the Count I Conviction of Murder in the Second Degree

Petitioner argues that she received ineffective assistance of counsel with respect to the Count I conviction of murder in the second degree under Mo. Rev. Stat. § 565.021. In support of her claim, she alleges a number of facts surrounding the circumstances of her arrest and charge, asserts that the facts do not support a felony murder charge, and asserts that her plea-counsel failed to object to the amendment of Count I from a charge of murder in the first degree to a charge of murder in the second degree. (Doc. 1-1 at 1-4).

As with Petitioner's first claim for habeas relief, she has not shown that her counsel's representation fell below an objective standard of reasonableness, or that receiving a reduced charge pursuant to her plea agreement prejudiced her. Likewise, Petitioner's representations in her Petition to Enter a Plea of Guilty includes admission of the facts supporting her charge. (Doc. 14-5 at 1) ("I committed a robbery with Dennis Woodward and Joy Dishneau died as a result[.]") Petitioner has not alleged that her admission was involuntary. Accordingly, this court has no basis to find that Petitioner received ineffective assistance of counsel with respect to Count I.

### E. Ground Three: Ineffective Assistance of Counsel for Failing to Provide Petitioner with a Copy of Discovery

Petitioner argues that the judgment against her was obtained in violation of her due process rights and right to effective assistance of counsel because she had diminished mental capacity and because her plea counsel did not provide her with a copy of her discovery papers. (Doc. 1-1 at 4-6). Petitioner appears to contend both that she had diminished mental capacity which affected her ability to enter into a plea agreement, and that her plea counsel inappropriately deemed that she had diminished mental capacity and failed to provide her with discovery materials on that basis. *Id.* In support of her claim that she had diminished mental capacity at the time of the plea agreement, Petitioner states that she "[does] not remember much of the plea agreement or [her] time in Howell County Jail," that she "was heavily medicated with Risperdol," and that it was "clear in the court files on [Petitioner's] sentencing due to [her] plea arrangement, that [she] did not understand what was taking place" because she answered "uh-huh, yes, sir," "we both – Did I?," and "yeah." *Id.* at 5. Petitioner states that her plea counsel claimed she "had the mental capacity to testify twice for the state and then to accept a plea agreement," but "deemed [she] had diminished mental capacity and decided not to give [Petitioner] a copy of [her] discovery papers." *Id.* at 4-5.

In accordance with the court's prior discussion regarding Petitioner's failure to establish either prong of her ineffective assistance of counsel claim, the court finds that there is no basis to find that Petitioner received ineffective assistance of counsel. Similarly, in revisiting the prior discussion regarding Petitioner's declarations as to her mental state and voluntariness of her guilty plea, (Doc. 14-5), and the state court's findings regarding the same, (Doc. 14-6), the court finds no basis to grant habeas relief to Petitioner based on ground three.

### F. Ground Four: Deprivation of Due Process for Inability to Defend Herself Without Discovery or Effective Assistance of Counsel

15

Petitioner argues that she was "at the mercy of whomever [was] representing [her]" in state court proceedings, "had to trust their judgment completely," and "was unable to assist in my own defense due to the lack of [her] discovery papers and [her] diminished mental capacity at the time." (Doc. 1-1 at 6-7.) Petitioner avers that she "was grievously misled by counsel and not given proper due process." *Id.* at 7.

Without more, the court has no basis to grant habeas to relief to Petitioner on ground four. Petitioner's state court Petition to Enter a Plea of Guilty averred that she was satisfied with the representation provided by her plea counsel and that she offered her plea voluntarily and of her own volition. (Doc. 14-5 at 1-3). The Circuit Court of Howell County affirmed these statements in its entry of her guilty plea. (Doc. 14-6). Petitioner has not provided any further detail regarding how she was misled by plea counsel, how her counsel's representation was ineffective, how her counsel's failure to provide her with a copy of discovery materials inhibited her defense, or how her mental capacity at the time may have rendered her guilty plea involuntary.

### IV.   CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation

omitted). The court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that she has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of March, 2021.